# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 <br><br> Silver Spring, MD 20910 <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR <br><br> 1849 C Street NW <br> Washington, D.C. 20240 <br><br> *Defendant* | CIVIL ACTION NO. 18-2703 <br><br> **COMPLAINT** |

## **PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Department of the Interior to disclose documents requested pursuant to the FOIA. To date, the Defendant has failed to disclose to the Plaintiff the requested documents within the time stipulated under the FOIA.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On May 21, 2018, Plaintiff sent a FOIA request to the Defendant seeking records generated on or after December 28, 2017, including 1) communications describing the criteria DOI has directed its agencies to employ in evaluating grant applications and/or grant funding; 2) communications that DOI sent to grant applicants describing any new screening criteria for

grant funding; 3) records reflecting the suspension or cancellation of a grant awarded prior to 2018; 4) records relating to the reasons behind or supporting those suspensions or cancellation decisions; 5) copies of grant applications withdrawn and resubmitted; and 6) documents detailing any review process for grants that DOI exercises, including records delineating which officials are responsible for any such review.

4. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

5. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances". 5 U.S.C. § 552(a)(6)(B)(i).

6. On May 22, 2018, the Defendant acknowledged receipt of the Plaintiff's FOIA request and assigned tracking number OS-2018-01195 to the matter.

7. To date, the Defendant has failed to produce any documents in response to Plaintiff's May 21, 2018, FOIA request in connection with the Defendant's tracking number OS-2018-01195.

8. Defendant's conduct amounts to a denial of the Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding policy changes within the Department of the Interior regarding scientific research grants.

9. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to

immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

11. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

12. This Court is a proper venue because Plaintiff resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government agent, a civil action may be brought in the district where the plaintiff resides if there is no real property at issue). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

13. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in Florida, Massachusetts, and Tennessee.

15. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability.

PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

16. Defendant, DOI, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

17. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. The Defendant's refusal to provide the Plaintiff with the records requested on May 21, 2018, is a violation of the FOIA, a federal law.

## STATEMENT OF FACTS

18. Due to concern about the changes in scientific research grants, Plaintiff requested records of communications and documents related to scientific grants generated on or after December 28, 2017. Specifically, PEER requested:

    1. *Any communications describing the criteria DOI has directed its agencies to employ in evaluating grant applications and/or grant funding;*
    2. *Any communications that DOI sent to grant applicants describing an new screening criteria for grant funding;*
    3. *Records reflecting the suspension or cancellation of a grant awarded prior to 2018;*
    4. *Records relating to the reasons behind or supporting those suspension or cancellation decisions;*
    5. *Copies of any grant applications withdrawn and resubmitted; and*
    6. *Documents detailing any review process for grants that DOI exercises, including records delineating which officials are responsible for any such review.*

19. On May 22, 2018, the DOI FOIA Public Liaison, Clarice Julka, sent PEER an initial response to the May 21, 2018, FOIA request. In this response, DOI stated that the request was classified

as "other-use" and therefore DOI may charge Plaintiff for some search and duplication costs, but not review costs.

20. The response letter also informed PEER that defendant was in the process of determining whether Plaintiff was entitled to a fee waiver. Defendant noted that Plaintiff could expect to hear promptly regarding the outcome of the fee waiver decision. To date, no such decision has been delivered by Defendant.

21. Pursuant to 5 U.S.C. 552(a)(6)(A)(ii), Defendant had twenty working days from the date of receipt of PEER's appeal to respond, or to assert the need to extend this time limit due to unusual circumstances. *See also* 40 C.F.R. § 1601.20. The FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

22. Twenty working days from May 21, 2018 (the date of Plaintiff's request) was June 18, 2018. As of this filing, November 20, 2018, Plaintiff has not received any documents responsive to its May 21, 2018, FOIA request.

23. On September 20, 2018, PEER reached out to Defendant to inquire about the status of request control number OS-2018-01195.

24. On September 28, 2018, Cindy Sweeney responded to this inquiry and noted that the DOI was waiting on program offices to send responsive records. This response stated that a timeline could not be provided at this time.

25. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its May 21, 2018 FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

## CAUSE OF ACTION

**26.** Plaintiff incorporates the allegations in the preceding paragraphs.

**27.** Defendant's failure to disclose the documents requested under OS-2018-01195 within the time frame mandated under the FOIA is a denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the EPA's regulations promulgated thereunder, 40 C.F.R. § 2.100 *et. seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on November 20, 2018,

\_\_/s/\_ Paula Dinerstein_____
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
pdinerstein@peer.org

*Counsel for Plaintiff*